**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2009

Charles R. Fulbruge III
Clerk

No. 09-50176
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JACOBO HEIDE-KEHLER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2847-1

Before KING, JOLLY, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The district court sentenced Jacobo Heide-Kehler to serve 46 months in prison and a three-year term of supervised release following Heide-Kehler's conviction of one count of attempted illegal reentry into the United States. In this appeal, Heide-Kehler challenges his sentence, which was within the applicable guidelines range, as being too severe. He argues that the pertinent Guideline, U.S.S.G. § 2L1.2, improperly double counted his prior conviction and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court did not properly weigh the sentencing factors given in 18 U.S.C. § 3553(a).

Following *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for reasonableness in light of the sentencing factors in § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States*, 552 U.S. 38 (2007), we engage in a bifurcated review of the sentence imposed by the district court. *United States v. Delgado-Martinez,* 564 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the district court committed a "significant procedural error." *Id.* at 752-53. If there is no such error, we then review the substantive reasonableness of the sentence imposed for an abuse of discretion. *Id.* at 751-53.

We have previously rejected the argument that a sentence imposed in accordance with § 2L1.2 is greater than necessary to meet § 3553(a)'s goals as a result of the alleged double counting inherent in that Guideline. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). Heide-Kehler's double counting argument is thus unavailing.

Heide-Kehler's arguments concerning the district court's balancing of the § 3553(a) factors amount to a disagreement with the district court's weighing of these factors and the appropriateness of his within-guidelines sentence. He has not shown that his sentence was either procedurally or substantively unreasonable, nor has he rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Armstrong*, 550 F.3d 382, 405 (5th Cir. 2008), *cert. denied*, 130 S. Ct. 54 (2009); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.